# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE RIVAS,

       Plaintiff,

v.                                                              CIV 98-1273 BB/KBM

KENNETH S. APFEL,
Commissioner, Social Security Administration,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDING
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on the Motion to Reverse and Remand for a Rehearing, filed by Plaintiff (Rivas) on August 9, 1999. The Commissioner denied Rivas' claim for social security disability insurance benefits following a hearing on remand from the Appeals Council. Having considered the arguments, pleadings, administrative record, and relevant law, I find that the motion is not well taken and should be denied.

### A. Facts/Procedural Background

      Rivas was 37 years old when he applied for disability insurance benefits October 4, 1993. He alleged disability commencing August 10, 1992, due to back pain resulting from a dislocated disk and degenerative disk disease. [AR 31-38, 60] The Appeals Council remanded the case September 20, 1996 for the Administrative Law Judge (ALJ) to consider new material evidence related to Rivas' laminotomy and fusion surgery. [AR 159] After a second hearing, the ALJ

again found Rivas not disabled. [AR 26-27] The Appeals Council this time denied review [AR 4], making the ALJ's decision the Commissioner's final decision for review by the Court. Rivas now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under

20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

## C. Issues

Rivas claims that the ALJ committed four errors: (1) failing to perform a proper credibility analysis of Rivas' testimony about pain; (2) concluding that Rivas was able to return to past relevant work at step four; (3) concluding at step five that Rivas was not disabled based on the grids; and, (4) failing to obtain testimony of a vocational expert. [MIS 3] The Commissioner responds that Rivas' issues hinge on one question – whether the ALJ's evaluation of Rivas' pain was erroneous and therefore invalidated his evaluation at steps four and five. [RES 1] Agreeing with the Commissioner's framing of the issues, I will construct my analysis similarly.

## D. Discussion

*<u>Whether substantial evidence supported the ALJ's determination that Rivas' testimony about the degree of his pain was not credible.</u>*

The Commissioner acknowledges that "the ALJ did indeed find that Plaintiff experienced pain." [RES 4] The question of the "degree" of Rivas' pain is somewhat difficult in this case — substantial evidence both supports and undermines his complaints of pain. For example, Rivas' treating physician, Dr. Federico Mora, observed November 2, 1994 that Rivas "did not show any evidence of symptom magnification with the only possibility that the Waddell rotation test caused him to complain of some pain." [AR 207] About six months later, Dr. Mora observed that Rivas "did not exhibit any significant evidence of symptom magnification during the exam." [AR 165]

3

Conversely, Dr. Mora also concluded that Rivas' myelogram of August 15, 1996 should be "considered practically within normal limits and offers no explanation for this man's continuing complaints." [AR 191] The pictures of Rivas' spine have showed only a minimal bulge of the disc, without impingement on any nerve root. [AR 100, 105, 106, 107, 137-40] It also appeared noteworthy to Dr. Mora that Rivas complained of pain, but still could sit erect from the supine position with his knees extended. [AR 82] The clear implication from this observation is that Rivas' ability to sit up this way was inconsistent in some degree with the pain he claimed to have. Moreover, Dr. Mora found Rivas only to have a 14 percent impairment as a whole and restricted him to lifting no more than 50 pounds [AR 90, 85], which is the limit of medium work. *See* 20 C.F.R. § 404.1567(c).

A credibility finding must be "'closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citation omitted). Furthermore,

> [w]hen determining the credibility of pain testimony, the ALJ should consider such factors as the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (citations, indentation, and internal quotation marks omitted). This Court must thoroughly examine the record to determine whether the decision is supported by substantial evidence. The Court may not, however, reweigh the evidence or substitute its judgment for that of the Commissioner. *Sisco v. United States Dept. of Health & Hum. Serv.*, 10 F.3d 739, 741 (10th Cir. 1993).

Substantial evidence would have supported a decision either for or against Rivas on the question of credibility regarding the degree of pain he experiences. The ALJ found that his pain was mild and alleviated with medication and exercise. His specific finding that Rivas' pain "does not reduce his RFC below the full range of light work" is both supported by substantial evidence and not overwhelmed by evidence to the contrary. *See Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it). To reverse the ALJ's decision here, this Court would have to reweigh the evidence and substitute its judgment for that of the Commissioner. In view of these facts and of the standard of review, I conclude that substantial evidence supports the ALJ's determination that Rivas' pain did not limit him to the degree he alleged. I therefore recommend that the Court affirm the Commissioner's decision.

I also agree with the Commissioner that, since the ALJ properly assessed the credibility of Rivas' allegations of pain, the ALJ properly concluded that Rivas could return to his past relevant light work at step four. Substantial evidence in the form of the residual functional capacity assessment, which showed Rivas capable of light work, supported the decision. [AR 117] Likewise, the consultative examination supported such a determination. [AR 181] *See* 20 C.F.R. § 404.1567.

Furthermore, the ALJ properly used the grids mechanically at step five. As Rivas notes, nonexertional limitations such as pain can affect a claimant's RFC and such limitations are not factored into the grids. *See Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). Thus, an ALJ cannot rely conclusively on the grids until and unless he makes a specific finding, supported by substantial evidence, that a claimant could perform the full range of work on a daily basis within

the particular RFC category despite his nonexertional impairment. *Id.* at 752; *see also Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir.1985). Having so found, the ALJ could rely exclusively on the grids and was not required to call a vocational expert, who might otherwise have had to show the existence of jobs Rivas could perform in the national economy. *See Cruse v. United States Dept. of Health & Hum. Serv.,* 49 F.3d 614, 620 (10th Cir. 1995) (Secretary must produce vocational expert testimony or other evidence to show existence of jobs in the national economy where both exertional and nonexertional impairments diminish a claimant's residual functional capacity).

### E. Conclusion

Based on the foregoing, I recommend that the Court affirm the Commissioner's decision in full. The parties may make timely objections to the foregoing pursuant to 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**   Gary J. Martone
A. Michelle Baca-Kleban
Francesca J. MacDowell
Albuquerque, NM

**Counsel for Defendant:** Joan Marie Hart
Albuquerque, NM
Christopher Carrillo
Dallas, TX